John E. Walker, SBN: 166270
E-Mail: jwalker@sacrowalker.com
SACRO & WALKER LLP
700 N. Brand Blvd., Suite 610
Glendale, California 91203
Tel.:   (818) 721-9597
Fax:   (818) 721-9670

Attorneys for Plaintiff,
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AIDA ADULTA AUMENTADO; AINEE IBARRA; ALDWIN AUMENTADO; and ANTONIO AUMENTADO, JR.,<br><br>Defendants. | Case No. 4:24-cv-09448<br><br>**PLAINTIFF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S INTERPLEADER COMPLAINT** |

-1-
PLAINTIFF THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA'S INTERPLEADER COMPLAINT

## COMPLAINT IN INTERPLEADER

Plaintiff, The Prudential Insurance Company of America ("Prudential"), by and through its undersigned counsel, for its Complaint in Interpleader, alleges the following:

## PARTIES

1.     Plaintiff, Prudential, is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Prudential is duly authorized to do business in the State of California.

2.     Defendant Aida Adulta Aumentado ("Aida Aumentado") is an adult citizen of California and domiciled in Contra Costa County, California.

3.     Defendant Ainee Ibarra is an adult citizen of California and domiciled in Brentwood, California.

4.     Defendant Aldwin Aumentado is an adult citizen of Australia and domiciled in Kalgoorlie, Western Australia.

5.     Antonio Aumentado Jr. is an adult citizen of Australia and domiciled in Kalgoorlie, Western Australia.

## JURISDICTION AND VENUE

6.     This court has jurisdiction under 29 U.S.C §§ 1132(e) and (f) which gives the District Court jurisdiction to hear civil actions relating to benefits due under the terms of an employee welfare benefit plan brought by, among other parties, a fiduciary. The group life insurance policy at issue in this action is an employee welfare benefit plan governed by ERISA.  This basis for jurisdiction is consistent with general federal question jurisdiction under 28 U.S.C § 1331 which gives the District Court jurisdiction over actions that arise under the laws of the United States. For the purpose of processing this claim, Prudential had a degree of discretionary authority consistent with the definition of fiduciary set forth in 29 U.S.C. § 1002 (21)(A)(iii).

-2-
PLAINTIFF THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA'S INTERPLEADER COMPLAINT

7. This Court has jurisdiction under 28 U.S.C. § 1335 in that the Defendants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523 (1967). Defendants are citizens of California and Australia.

8. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

9. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

### CAUSE OF ACTION IN INTERPLEADER

10. Prudential issued group life insurance policy number G-43939-AR (the "Plan") to Walmart, Inc. ("Walmart"). *A copy of the Plan Booklet and Certificate is attached hereto as **Exhibit A**.*

11. As an eligible employee of Walmart, at all times relevant, Antonio Aumentado Sr. (the "Insured") received basic term life insurance coverage under the Plan.

12. Upon information and belief, the Insured died on July 25, 2023 due to exsanguination as a result of multiple stab and incised wounds, and the manner of death was homicide. *A copy of the Certificate of Death is attached hereto as **Exhibit B**.*

13. As a result of the death of the Insured, Plan basic term death benefits in the amount of $36,000.00 (the "Death Benefit") became due to a beneficiary or beneficiaries, and Prudential concedes liability to that effect.

14. The Plan provides that the Death Benefit will be paid to the person or persons designated as the beneficiary by the Insured. *See **Exhibit A**, at p. 48.*

15. Walmart (and/or its administrators) reports that the Insured did not designate a beneficiary to his basic term life insurance coverage under the Plan.

-3-

16.     The Plan provides that in the event that no beneficiary is designated by the Insured, the Death Benefit is paid to the first of the following surviving class: (a) spouse or domestic partner; (b) child(ren) in equal shares; (c) parents in equal shares; (d) siblings in equal shares; and (e) the Insured's estate.  *See **Exhibit A, at p. 48.***

17.     Upon information and belief, the Insured was married to Aida Aumentado at the time of his death and is also survived by three children: Ainee Ibarra, Aldwin Aumentado and Antonio Aumentado Jr.

18.     Upon information and belief, Aida Aumentado was arrested on or about July 25, 2023 by Brentwood, California police officials in connection with the death of the Insured and shortly thereafter was charged with the murder of the Insured.

19.     Upon information and belief, Aida Aumentado is currently in custody awaiting a "Mental Health Status" hearing, scheduled for February 25, 2025.

20.     Aida Aumentado may be disqualified from receiving the proceeds pursuant to the federal common law principle that a person shall not profit from his or her own wrong and/or California Probate Code § 252 (the "California Slayer Statute"), which provides, in relevant part:

> A named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent.

CA Prob Code § 252 (2023).

21.     If Aida Aumentado is determined to have forfeited her right to the Death Benefit pursuant to federal common law and/or the California Slayer Statute, it would be as if she predeceased the Insured.

22.      Thus, pursuant to the terms of the Plan, if Aida Aumentado is determined to have forfeited her right to the Death Benefit pursuant to federal

-4-

common law and/or the California Slayer Statute and is treated as having predeceased the Insured, the Death Benefit would be payable to the Insured's children, Ainee Ibarra, Aldwin Aumentado and Antonio Aumentado Jr., in equal shares. *See Exhibit A, Plan, page 44*.

23. By Preferential Beneficiary's Statement dated August 28, 2023, Ainee Ibarra, identified as the Insured's child on the form, asserted a claim to the Death Benefit. *A copy of Ibarra's Preferential Beneficiary's Statement is attached hereto as Exhibit C*.

24. There have been no other claims for the Death Benefit. Under the circumstances, Prudential cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential claims of the Defendants, Prudential is or may be exposed to multiple liability.

25. Prudential is ready, willing and able to pay the Death Benefit, plus applicable interest, if any, payable in accordance with the terms of the Plan and to whomever this Court shall designate.

26. As a mere stakeholder, Prudential has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit due and respectfully requests that this Court determine to whom said benefits should be paid.

27. Prudential accordingly will deposit into the Court the Death Benefit, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court.

28. Prudential has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between Prudential and any of the Defendants. Prudential brings this Complaint in Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

PLAINTIFF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S INTERPLEADER COMPLAINT

**WHEREFORE**, Prudential prays that the Court enter judgment:

(a)    requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(b)    enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Insured's coverage under the Plan and/or the Death Benefit;

(c)    permitting Prudential to deposit the amount of the Death Benefit, plus applicable interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(d)    discharging Prudential from any and all further liability to the Defendants relating in any way to the Insured's coverage under the Plan and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(e)    dismissing with prejudice Prudential from this action following deposit of the Death Benefit with the Registry of the Court or as otherwise directed by this Court;

(f)    awarding Prudential its reasonable attorneys' fees and costs in their entirety; and

(g)    awarding Prudential any other and further relief that this Court deems just and proper.

DATED:  December 26, 2024

Respectfully Submitted

By    /s/ John Walker

John E. Walker
Attorneys for Plaintiff THE
PRUDENTIAL INSURANCE
COMPANY OF AMERICA

-6-
PLAINTIFF THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA'S INTERPLEADER COMPLAINT